The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEPHEN SACCOCCIA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John Allen Roth, Esq.  757 Lloyd Avenue #B  Latrobe PA  15650
724-537-0939  Local counsel: Charles Reilly, Esq.  321 S Main #580
Providence RI  02903   401-861-1120

## DEFENDANTS
UNITED STATES OF AMERICA, ATTORNEY GENERAL OF USA, UNITED STATES ATTORNEY DISTRICT RI, TREASURER OF USA

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1355
Brief description of cause:
Action to return improperly forfeited property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 136,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE William Smith
United States v. Saccoccia
DOCKET NUMBER 91cr115

**DATE** 05/02/2018
**SIGNATURE OF ATTORNEY OF RECORD** /s/ J. Allen Roth, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN SACCOCCIA, | ) |
| | ) |
| Plaintiff/Petitioner, | ) |
| | ) |
| v. | ) Related Case No. 91cr115 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| ATTORNEY GENERAL OF THE UNITED | ) Civil No. |
| STATES, UNITED STATES ATTORNEY FOR | ) |
| THE DISTRICT OF RHODE ISLAND, and | ) |
| TREASURER OF THE UNITED STATES, | ) |
| | ) |
| Defendants/Respondents. | ) |
| | ) |

### VERIFIED PETITION AND COMPLAINT

Petitioner and Plaintiff Stephen Saccoccia, by and through his undersigned counsel, James Allen Roth, files this Petition and/or Complaint:

1. The Petitioner and Plaintiff is Stephen Saccoccia, an individual, currently incarcerated at the United States Penitentiary at Coleman, Florida.

2. The Respondents and Defendants are the United States of America (all counts), the United States Attorney General, the United States Attorney for the District of Rhode Island, and the Treasurer of the United States, sued in their official capacities.

### JURISDICTION

3. As more fully stated in the enumerated counts below, jurisdiction of this matter is founded upon 28 USC 1331, 1355, 1361, 1651, and Federal Rule of Civil Procedure 41(g). Declaratory relief is available pursuant to 28 USC 2201. Saccoccia preserves the right to file an action in the Court of Federal Claims pursuant to 28 USC 1491 for *wrongful exaction* of a penalty in the event this Court finds that the remedies

enumerated herein do not apply (this Court does not maintain jurisdiction as the amounts exacted exceeded $10,000, see 28 USC 1346(a)).

4. On the other hand, this Court lacks jurisdiction over this matter pursuant to 28 USC 2255. This is because 28 USC 2255 does not anticipate a tenable collateral attack on the non-custodial portion of a sentence. The custodial limitation embedded in the text of the federal post-conviction statutes makes plain that convicted defendants have no right to use those statutes to raise freestanding challenges to the non-custodial components of their sentences, including forfeiture orders. *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) (monetary component of a sentence does not satisfy the in custody requirement of federal habeas statutes); *United States v. Finze*, 428 Fed.Appx. 672, 677 (9th Cir. 2011) (unpublished) (because a forfeiture claim . . . is not a claim for release from custody, claim is not cognizable on collateral review), cert. denied, 565 U.S. 902 (2011); *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (Section 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody.), cert. denied, 540 U.S. 839 (2003); see also *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases); *Campbell v. United States*, 330 Fed.Appx. 482, 482-83 (5th Cir. 2009) (per curiam) (unpublished) (fine and restitution orders not challengeable in a Section 2241 petition); *Arnaiz v. Warden*, 594 F.3d 1326, 1329 (11th Cir. 2010) (per curiam) (restitution order not challengeable in a Section 2241 petition); *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir.) (fine and restitution orders not challengeable in a Section 2255 proceeding) (collecting cases), *cert. denied*, 540 U.S. 1084 (2003). Courts recently have denied motions to vacate raising Honeycutt

arguments under section 2255(a). See *Ferguson v. United States*, No. 16-CR-00010, 2017 WL 5991743 at *1 (S.D. Ohio Dec. 4, 2017) ("`There is no indication that the Sixth Circuit has ever permitted a 2255 challenge to a forfeiture judgment.'" (quoting *United States v. Blankenship*, No. 7:15-011-DCR, 2017 WL 3260604, at *3)); Alquza, No. 11-CR-373, 2017 WL 4451146 at *3 ("Defendant may not invoke Honeycutt on collateral review in . . . a motion to vacate under 28 U.S.C. § 2255."); *Bangiyev v. United States*, No. 14-CR-206, 2017 WL 3599640 at *4 (E.D. Va. Aug. 18, 2017) ("To the extent that Petitioner seeks to reduce the amount he owes in forfeiture through this Motion, the Government correctly points out that the relief cannot be provided through § 2255.").

## BACKGROUND

5. On or about May 12, 1993, following a jury trial, the United States District Court for the District of Rhode Island entered judgment convicting Stephen Saccoccia of RICO Conspiracy in violation of 18 USC 1962(d), 53 counts of money laundering, financial transactions with criminally derived proceeds, and travel violations in violation of 18 USC 1952, 1956, and 1957. *United States v. Saccoccia* 823 F. Supp 994, 1007 (D.R.I. 1993), affirmed *United States v. Saccoccia*, 58 F. 3d 754 (1st Cir. 1995).

6. The district court sentenced Stephen Saccoccia to twenty (20) years on the RICO count, and sentences of between five (5) and twenty (20) years on the other counts of conviction, with each sentence to be served consecutively.

7. The sentence for violating the RICO conspiracy expired in 2013. Presently, Saccoccia is serving the additional sentences for the other statutes.

8. In addition to the custodial sentence imposed on the RICO count, the Court imposed a $50 special assessment, a fine of $500,000.00, and a RICO Judgment of Forfeiture,

pursuant to 18 U.S.C. § 1963(a) and (m), for the sum of $136,344,231.86. See, TR 5/12/93, at page 147, lines 9-15 PSR at para. 23.

9. For the last two and a half decades, the United States repeatedly invoked the forfeiture judgment to seize property and assets belonging to Stephen Saccoccia, including property having nothing to do with the alleged crimes.

10. The United States has seized millions of dollars of assets from the Saccoccias and their family members. For example, this Court entered a forfeiture Order on August 30, 1993, authorizing the government to seize untainted legally obtained assets pursuant to 18 USC 1963(m). *See* Docket Entry 167, at pages 1-12. The substitutions included the Saccoccias' home located at 2 Brimfield Road, Cranston, Rhode Island. *Id* at 2. Additionally, the Order allowed the taking of their personal bank accounts broker accounts, trust accounts, safety deposit boxes containing personal jewelry and collectables in the United States, United Kingdom, Switzerland, Austria, and Luxembourg. *Id* at 7-12. Following this Court's 1993 Order, numerous substitution forfeiture orders have been entered and executed. In February 1997, the Government seized 83 gold bars from Stephen and Donna Saccoccia and Stephen's mother. *United States v. Saccoccia*, 62 F. Supp 540 (D.R.I. 1999). All of the known forfeiture Orders are on the docket at 91cr115 and are incorporated by reference; however, discovery is needed to determine if Orders were entered in other jurisdictions.

11. In June 2017, the United States Supreme Court in *Honeycutt v. United States*,- --U.S.---, 137 S. Ct. 1626 (2017) declared that proceeds forfeited pursuant to 21 USC 853(a)(1) are limited "to property the defendant himself actually acquired as the result of the crime" and that the "Court cannot construe a statute in a way that negates its plain text, and here, Congress expressly limited forfeiture to tainted property that the defendant

herself obtained ...that litigation is incompatible with joint and several liability...." *Id*, fn 2.

12. *Honeycutt* based its decision on principles of statutory interpretation erroneously rejected by the United States District Court for the District of Rhode Island at 823 F.Supp. 994, 1007 (D.R.I. 1993) and the United States Court of Appeals for the First Circuit in Stephen Saccoccia's appeal and its companion case *United States v. Hurley*, 63 F.3d 1 (1st Cir. 1995).

13. While Stephen Saccoccia's forfeiture order was based on 18 USC 1963, *Honeycutt* applies with equal force as the statutory language is nearly identical. *United States v. Gjeli*, 867 F3d 418, 427-439 (3rd Cir. 2017); *United States v. Brown*, 2017 WL 3404979 (3rd Cir. 2017).

14. In Stephen Saccoccia's case, the United States alleged that only between 5% and 10% of the alleged money passing through his hands constituted his profits, or funds acquired by him.

15. Therefore, pursuant *Honeycutt*, the judgment of joint and several forfeiture liability, and subsequent substitute asset forfeitures are invalid, must be vacated, and all property seized returned.

16. *Honeycutt* deprived the district court of statutory subject matter jurisdiction to impose a jointly and severally forfeiture order and to forfeit substitute assets based on said forfeiture. As the district court lacked subject matter jurisdiction to enter this type of Order, the matter cannot be said to have been waived. Just as a federal court cannot expand its jurisdictional horizon, parties cannot confer subject matter jurisdiction on a federal court "by indolence, oversight, acquiescence, or consent." *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp.*, 362 F.3d 136, 139 (1st Cir. 2004).

**COUNT I – Petition to Recover or Vacate Forfeiture Pursuant to 28 USC 1355**

17. Paragraphs 1 through 16 are hereby incorporated by reference and are restated as if fully set forth again.

18. 28 USC 1355 provides the district court original jurisdiction to vacate, adjudicate the validity, or recover forfeitures.

19. As *Honeycutt* deemed the jointly and severally forfeiture judgment and all subsequent substitute asset forfeitures invalid, this Court must enter an Order vacating, declaring invalid, or allowing Saccoccia to recover the forfeiture.

20. Generally, when the United States wrongfully exacts a penalty, the person files an action in the Court of Federal Claims seeking the return of the funds alleged to have been wrongfully obtained by the government. The Tucker Act, 28 U.S.C. § 1491, provides jurisdiction in the Court of Federal Claims to recover "exactions" alleged to have been illegally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere)." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed.Cir.1996) The Court of Federal Claims, has held that jurisdiction to "recover" forfeitures lies with the district courts pursuant to 28 USC 1355; see also *Fischer v. United States*, 96 Fed. Cl. 70, 78 (2011) (noting the jurisdiction of District Courts to adjudicate the validity of illegal forfeitures under 28 U.S.C. § 1355(a) (2006); *In Elliott v. United States*, 96 Fed. Cl. 666 (2011), the Court of Federal Claims was faced with the question where a person argued that the government wrongfully exacted a criminal forfeiture from his social security check. The CFC held that 28 U.S.C. § 1355 provided jurisdiction with district courts for the plaintiff to challenge the execution of the criminal forfeiture order. Therefore, this Court has the authority to review the wrongful exaction and vacate the Forfeiture Order pursuant to 28 U.S.C. § 1355, considering that

*Honeycutt* invalidated the judgment.

21. In the alternative, petitioner may obtain the return of property illegally forfeited to the United States as part of the coram nobis, audita querela, and other remedies outlined below without having to file a separate Tucker Act lawsuit to recover the property. See *Pasha v. United States*, 484 F.2d 630, 632 (7th Cir. 1973); *DeCecco v. United States*, 485 F.2d 372, 373 (1st Cir. 1973) (incident to coram nobis order vacating criminal judgment, District Court may order return of fine paid as result of judgment without formal Tucker Act pleading).

### COUNT II – Petition for Writ of Error Coram Nobis

22. Paragraphs 1 through 21 are hereby incorporated by reference and are restated as if fully set forth again.

23. This Court maintains jurisdiction over this Petition for Writ of Error Coram Nobis pursuant to 28 USC 1651(a). *United States v. Denedo, United States v. Morgan*, 346 US 502, 511 (1954).

24. Stephen Saccoccia notes that there is no other form of relief available and that, as explained in paragraph 4 above, 28 USC 2255 does not apply to non-custodial aspects of sentences.

25. As Stephen Saccoccia is not challenging the custodial aspect of the sentence, the various common law requirements that he complete his custodial sentence do not apply. Even the doctrine of custodial completion does apply, the forfeiture stemmed from the sentence on the RICO count of the judgment imposed in 1993 and that sentence expired in 2013.

26. Although the writ of error coram nobis was available at common law only for errors of fact, its scope has expanded to allow relief for fundamental errors of law. See *DeCecco*

*v. United States,* 485 F.2d 372, 373 (1st Cir.1973) *(*vacating a federal tax conviction based on a subsequent Supreme Court decision providing Fifth Amendment defense to charge); *United States v. Mandel,* 862 F.2d 1067, 1074–75 (4th Cir.1988); (jury instructions invalid after a subsequent Supreme Court decision); *United States v. Loschiavo,* 531 F.2d 659, 666–67 (2nd Cir.1976) (conviction vacated because federal offense "never existed," based on subsequent Supreme Court decision); *Cardall v. United States,* 599 F. Supp. 912, 915 (D.Utah 1984) (coram nobis encompasses "legal errors of a fundamental proportion"); *United States v. Wickham,* 474 F. Supp. 113, 116 (C.D.Cal.1979) (present-day scope of coram nobis is broad enough to encompass "legal errors of a fundamental proportion"); cf. *United States v. Sawyer,* 239 F.3d 31, 38 (1st Cir. 2001) (writ denied without deciding issue. Finding no fundamental error of law).

27. In determining whether to grant a writ of writ of error coram nobis, courts use a three-part test: a petitioner must 1) explain his failure to seek relief from the judgment earlier; 2) demonstrate continuing collateral consequences from the conviction; and 3) prove that the error is fundamental to the validity of the judgment. See *United States v. Sawyer* 239 F.3d at 38; *United States v. Barrett,* 178 F.3d 34, 56, n. 20 (1st Cir. 1999).

28. Prior to June 5, 2017, the date of the Supreme Court decision in *Honeycutt v. United States,* --- U.S. ---, 137 S.Ct. 1626, Petitioner had no legal basis for filing a petition for writ of error coram nobis. Thereafter, Petitioner diligently prepared this Petition in a timely manner, within the analogous AEDPA limitations period. This petition is therefore timely. See *Telink. Inc. v. United States,* 24 F.3d 42, 47 (9th Cir. 1994)(this requirement ensures a petitioner will not avoid an analogous limitations period as a safe haven for prejudicing the government, willfully delaying the assertion of his or her rights) and raising the claim after the inexcusable delay has impaired the government's

ability to respond to the allegations or to proceed to retrial."). Additionally, arguments similar to *Honeycutt* were raised by Petitioner, but denied by the courts.

29. *Teague v. Lane*, 489 U.S. 288 (1989), bars collateral attack of a final conviction on the basis of a Supreme Court decision that announced a "new rule." Here Petitioner's forfeiture conviction was final years before the June 5, 2017 *Honeycutt* decision and and Petitioner had long since completed his sentence for for the crime RICO Conspiracy conviction to which the RICO Forfeiture Judgment is predicated upon. *Teague* defined a "new rule" as one that "breaks new ground or imposes a new obligation on the States or Federal Government." See *Teague*, 489 U.S. at 301. The Supreme Court announces a new rule if "the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id*. Here there was no Supreme Court or First Circuit applicable precedent at the time the forfeiture judgment was rendered against Petitioner. Rather, the Supreme Court in *Honeycutt* first engaged in an interpretation of the relevant statutes in determining that Congress had not intended to impose joint and several liability for conspirators subject to personal forfeiture. Additionally, Petitioner raises a constitutional and jurisdictional issue, not merely a procedural claim, since joint and several forfeiture liability was not authorized by law. See *United States v. Mandel*, 862 F.2d 1067, 1074–75 (4th Cir.1988) (law given to jury in instructions invalid after a subsequent Supreme Court decision); see also *Anderson v. Kibbe*, 131 U.S. 145 (1977) (due process requires that each fact necessary to constitute the charged offense be proven. Petitioner is subject to a personal criminal forfeiture judgment pursuant to 18 U.S.C. § 1963(a)(3) and alleges a due process violation in the District Court's failure to establish each element of 18 U.S.C. §1963(a)(3).

30. In addition, the claim is jurisdictional as this Court lacked any statutory jurisdiction to

enter a jointly and severally forfeiture judgment and then substitute assets to collect thereupon.

31. Petitioner is aware that coram nobis may be granted only in cases of "fundamental" legal error. See *United States v. George*, 676 F. 3d 249, 256 (1st Cir. 2012).

32. This is such a case. See *United States v. Mandel*, 862 F. 2d 1067, 1075 (4th Cir. 1998) (coram nobis granted for instructing jury on elements of charged mail fraud offense later clarified as erroneous by Supreme Court); *United States v. Travers*, 514 F.2d 1171 (2d Cir.1974) (same); *United States v. Loschciavo*, 531 F2d 650, 666 (2d Cir. 1976) (coram nobis granted where the record discloses no proof of element of the crime charged establishing "fatal constitutional taint for lack of due process of law").

33. In addition, continued collateral and direct consequences have occurred as a result of the jointly and severally forfeiture, entered without jurisdiction. First, Saccoccia cannot access his lawful funds purportedly seized as substitute assets. Second, Saccoccia is unsure if he can ever maintain any asset whatsoever. For example, Saccoccia wishes to publish his memoirs or other books. The Government may subject Saccoccia to expensive litigation to seize those assets notwithstanding that the forfeiture Order is invalid, without jurisdiction, unconstitutional, and improper. Third, the Government, as recent as 2009, engaged in forfeiture activities against Saccoccia. Based on information, the Government may have received substitute assets belonging to Saccoccia as recently as 2013 from foreign governments. Finally, additional requests by the United States may be pending and outstanding in foreign jurisdictions seeking to seize "substitute assets."

### COUNT III – Petition for Writ of Audita Querela

34. Paragraphs 1 through 33 are hereby incorporated by reference and are restated as if fully

set forth again.

35. This Court maintains jurisdiction over this Petition for Writ of Audita Querela pursuant to 28 USC 1651(a).

36. Writs of Audita Querela are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. *United States v. LaPlante*, 57 F.3d 252, 253 (2nd Cir. 1995). Writs of audita querela, however, may be issued "only to the extent that they `fill the gaps' in the current system of federal post-conviction relief." *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997).

37. The United States Court of Appeals for the First Circuit held in *United States v. Holder*, 936 F.2d 1 (1st Cir.1991), that, "We agree [...] that, if available at all, the writ of audita querela can only be available where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy."

38. In this case, there is no remedy pursuant to post-conviction statutes as explained in paragraph 4 above.

39. The *Honeycutt* decision occurred in June 2017, marking the first time other than on Stephen Saccoccia and his co-defendants' direct appeals where the issue was preserved and erroneously rejected, where it could be raised. Therefore, the legal objection occurred after Stephen Saccoccia's conviction.

40. Therefore, the forfeiture judgment and all subsequent substitute asset forfeitures are invalid and must be vacated.

**COUNT IV – Motion for the Return of Property Pursuant to Fed.R.Civ.P. 41(g)**

41. Paragraphs 1 through 40 are hereby incorporated by reference and are restated as if fully set forth again. This Court maintains jurisdiction to direct the return of property

pursuant to Federal Rule of Civil Procedure 41(g). A post-conviction motion under Rule 41(g) constitutes a civil action in equity. *United States v. Uribe-Londono*, 238 Fed. Appx. 628, 630 (1st Cir. 2007), quoting *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995).

42. In this case, the property seized from 1991 through 2009 are items lawfully owned or in the possession of Stephen Saccoccia.

43. The forfeitures were "substitute asset" forfeitures, not forfeitures of fruits of criminality.

44. As the Orders are *per se* invalid, and were issued without statutory jurisdiction, all property seized and forfeited from 1991 through 2009 must be returned.

### COUNT V – For Declaratory and Injunctive Relief

45. Paragraphs 1 through 44 are hereby incorporated by reference and are restated as if fully set forth again.

46. As this Court maintains jurisdiction pursuant to the above referenced remedies, pursuant to 28 USC 2201, this Court may issue declaratory relief in cases where a justiciable controversy exists, and may enter injunctive relief pursuant to 28 USC 2202.

47. A justiciable controversy exists between the parties with respect to the validity of the jointly and severally liable forfeiture judgment and the subsequent substitute asset forfeitures, and whether the forfeiture judgment may continue to be enforced.

48. As *Honeycutt* made it clear the district court was without jurisdiction to impose the jointly and severally liable forfeiture judgment and subsequent substitute asset forfeitures, this Court may issue the declaratory relief demanded below.

49. As *Honeycutt* invalidates the forfeiture judgment and the subsequent motions to seize and forfeit substitute assets, this Court must issue an appropriate injunction enjoining the respondent to cease and desist further enforcement of the Order and to return all of

the property improperly seized.

**COUNT VI – Action in Mandamus Pursuant to 28 USC 1361**

50. Paragraphs 1 through 49 are hereby incorporated by reference and are restated as if fully set forth again.

51. The Attorney General of the United States, United States Attorney for the District of Rhode Island, and Treasurer of the United States are officers of the United States of America.

52. The Attorney General of the United States, the United States Attorney for the District of Rhode Island, and the Treasurer of the United States maintain a duty to return items unlawfully seized and within their possession and/or control.

53. Pursuant to *Honeycutt*, there can be no dispute that the funds seized from Stephen Saccoccia, Donna Saccoccia, and Stephen Saccoccia's mother constitutes an improper, unlawful seizure.

54. The seizure occurred without jurisdiction as no statute allowed for jointly and severally forfeitures or substitute asset forfeitures based on a jointly and severally monetary judgment.

55. The respondents/defendants refuse to return the money and property taken.

56. The respondents/defendants maintain no discretion under the premises.

57. The petitioner/plaintiff maintains the right to have the property returned to him.

WHEREFORE, Petitioner/Plaintiff Stephen Saccoccia respectfully demands that this Court, in whole or in part: (1) Declare that the forfeiture judgment, based on joint and several liability, exceeded the jurisdiction of the Court and is invalid pursuant to *Honeycutt;* (2) Enjoin any further substitute asset forfeitures pursuant to the forfeiture judgment; (3) Vacate, allow the Petitioner/Plaintiff to recover, and/or adjudicate as invalid the forfeiture judgment and all subsequent substitute asset forfeitures; (4)

Issue a writ of coram nobis vacating the forfeiture judgment and all subsequent substitute asset forfeitures; (5) Issue a writ of audita querela vacating the forfeiture judgment and all subsequent substitute asset forfeitures; (6) Enter a judgment, order, writ, mandamus, or injunction directing the return of all property and assets improperly seized, forfeited, held, or otherwise obtained pursuant to the forfeiture judgment and all subsequent substitute asset forfeitures; (7) Grant and award judgment for costs and attorney fees pursuant to 28 USC 2412; (8) Grant any further declaratory, injunctive, monetary, mandamus or other equitable relief as would be appropriate and just; and (9) Award costs, attorney fees, or other relief as authorized by law.

Respectfully submitted,

/s/ *John Allen Roth*

John Allen Roth, Esq.
757 Lloyd Avenue #B
Latrobe, PA 15650
Phone: 724-537-0939

ATTORNEY FOR PLAINTIFF AND
PETITIONER STEPHEN SACCOCCIA
(Pending admission *pro hac vice*)


/s/ *Charles J. Reilly*
Charles J. Reilly, Esq.
Reilly & Associates LLC
321 South Main St. #580
Providence, RI 02903
Phone: 401-861-1120

LOCAL COUNSEL FOR PLAINTIFF
AND PETITIONER STEPHEN
SACCOCCIA

## DECLARATION

I, Stephen Saccoccia, declare and state under the penalty for perjury that the foregoing is true and correct to the best of my knowledge, information, and belief (28 USC 1746).

*Stephen A. Saccoccia*

Stephen A. Saccoccia
#02596-070
U.S.P. – Coleman I
P.O. Box 1033
Coleman, Florida 33521

PETITIONER