# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN SACCOCCIA, | ) | |
|                 Plaintiff, | ) | (Related Case No. 91cr115) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA; | ) | C.A. No. 1:18cv266 |
| ATTORNEY GENERAL OF THE UNITED | ) | |
| STATES; US ATTORNEY FOR THE | ) | |
| DISTRICT OF RHODE ISLAND; | ) | |
| TREASURER OF THE UNITED STATES | ) | |
|                 Defendants. | ) | |

## UNITED STATES' SECOND ASSENTED TO MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

The UNITED STATES OF AMERICA, by and through its undersigned counsel, respectfully moves this Court for an Order extending the United States' time to respond to Plaintiff's Complaint, through and including August 13, 2018, for the reasons set forth below.

The government's response to the Plaintiff's above-captioned Complaint is presently due on August 6, 2018 (Docket No. 1. Text Order on July 24, 2018). The government's responses are also due on the same date in the related criminal matter, to a *Coram Nobis* petition filed by Donna Saccoccia, and Defendant Vincent Hurley's Motion to Adopt and/or Intervene in the Petition (*See also* 91cr115, Text Order on July 24, 2018). The three movants, in both the civil and criminal matters, seek relief from the judgment and conviction imposed on the three Defendants in 1993, including a forfeiture judgment, jointly and severally imposed against the three Defendants in the amount of $136,344,231.86, and the related appeals. *United States v. Saccoccia*, 58 F.3d 754 (1st Cir. 1995); *see also United States v. Hurley*, 63 F.3d 1 (1st Cir. 1995).

The *Coram Nobis* Petition in *United States v. Saccoccia, et. al.*, 91cr115, challenges the forfeiture judgment entered in connection with Defendants' convictions, as well as the seizure or forfeiture of assets to satisfy this judgment, contending that these actions are invalid in light of the Supreme Court's recent decision in *Honeycutt v. United States*, 137 S.Ct. 1626 (2017), which held that a specific forfeiture statute, 21 U.S.C. § 853, did not permit joint and several forfeiture liability as to property that a co-conspirator, but not a defendant, acquired from the crime. *Id*. See also *United States v. Gorski*, 880 F.3d 27, 40-41 (1st Cir. 2018) (discussing *Honeycutt* and holding that it does not broadly prohibit the issuance of money judgments in forfeiture orders and the seizure of assets to satisfy those orders).

In the above-captioned Complaint, Stephen Saccoccia filed his separate action, similarly challenging his criminal forfeiture judgment under *Honeycutt*, albeit by means of a broader array of legal mechanisms including, inter alia: statutory grounds, *coram nobis*, *audita querela*, and *mandamus*.[1]

Owing to the fact that the underlying legal issues in both the *Coram Nobis* Petition and the Civil Complaint are substantially the same and in some cases identical, and in light of the fact that the attorneys representing both Stephen Saccoccia and Donna Saccoccia, have agreed to this extension, the government respectfully requests that its time to respond to the *Coram Nobis* Petition and Motion to Intervene be extended to and including August 13, 2018.

---

1 As reflected on the docket in this case, Defendant Stephen Saccoccia also attempted to raise *Honeycutt* claims in the First Circuit by means of a request to file a second or successive petition under 28 U.S.C. § 2255; the First Circuit denied this request on March 29, 2018, owing to his failure to make out a *prima facie* claim. *See* Docket No. 453.

2

This will allow the government to respond appropriately to the array of arguments raised in these filings; in addition, if considered in tandem, the commonality of issues raised in both cases will permit their efficient consideration by the Court, and thus promote judicial economy.

On August 6, 2018, the United States spoke with John Allen Roth, the attorney representing Stephen Saccoccia, concerning this request and was advised that he does not object to the requested extension. Accordingly, the government requests that its time to respond to the above-captioned Complaint be extended to and including August 13, 2018.

Dated: Providence, Rhode Island
   August 6, 2018

Respectfully submitted,

STEPHEN G. DAMBRUCH,
UNITED STATES ATTORNEY

/s/ Mary Rogers
MARY ROGERS
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 (voice)
401-709-5001 (facsimile)

3

CERTIFICATE OF SERVICE

I certify that on the 6th day of August, 2018, I caused the foregoing document to be filed by means of this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3) and Local Rules Gen 304 and 305.

/s/ Mary Rogers
MARY ROGERS
Assistant U. S. Attorney