UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
STEPHEN SACCOCCIA,                  )
          Plaintiff/Petitioner,     )
                                    )
                                    )
          v.                        )
                                    )   C.A. No. 18-266 WES
UNITED STATES OF AMERICA;           )
ATTORNEY GENERAL OF THE UNITED      )
STATES; UNITED STATES ATTORNEY FOR  )
THE DISTRICT OF RHODE ISLAND; and   )
TREASURER OF THE UNITED STATES,     )
          Defendants/Respondents.   )
_____ )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is the United States of America, Attorney General of the United States, United States Attorney for the District of Rhode Island, and the Treasurer of the United States' (collectively "Defendants") Motion to Dismiss ("Motion"), ECF No. 10, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court GRANTS the Motion.

I.  Background

In 1991, Steven A. Saccoccia ("Plaintiff") was convicted of conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). See generally United States v. Saccoccia, 823 F. Supp. 994, 997 (D.R.I. 1993). The Court sentenced him to 660 years' imprisonment and, pursuant

to 18 U.S.C. §§ 1963(a)(3),(m), ordered him to forfeit $136,344,231.86 to the United States government. Mot. 2. Plaintiff remains incarcerated. Compl. ¶¶ 1,7, ECF No. 1.

In May 2018, Plaintiff filed a complaint seeking writs of error coram nobis and audita querela, along with other relief, alleging that for the past two decades the United States government has seized "millions of dollars of assets from the Saccoccias and their family members." Compl. ¶ 10. Following Plaintiff's conviction, this Court issued a substitution forfeiture order pursuant to 18 U.S.C. § 1963(m) that resulted in the United States seizing many of Plaintiff's assets including his home, broker accounts, and personal jewelry and other effects from a safety deposit box. Compl. ¶ 10. Plaintiff urges the Court to declare the continued seizure of his assets contrary to the U.S. Supreme Court's holding in Honeycutt v. United States, 137 S. Ct. 1626 (2017). Compl. ¶¶ 11-16. Plaintiff further requests the Court invalidate the forfeitures resulting from his 1991 RICO conviction and order the return of his assets and seized property. Id. In response, Defendants have moved to dismiss the Complaint, arguing that the Court does not have jurisdiction to hear this matter and, even assuming it may exercise jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted. Mot. 1; see also Fed. R. Civ. P. 12(b)(1), (6).

II. Discussion

    A.   Jurisdiction under the All Writs Act

A common law writ is only available under the All Writs Act, 28 U.S.C. § 1651, where necessary to "fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of [28 U.S.C. §] 2255." Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (citing United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990)). In other words, if a claim may be properly brought under § 2255, it cannot stand as a petition for a common law writ under the All Writs Act. Id.

Here, Defendants cast Plaintiff's Complaint as a thinly-veiled motion to vacate under 28 U.S.C. § 2255, filed as an end-run around the First Circuit's prior ruling denying Plaintiff leave to file a second or successive motion to vacate based on Honeycutt. See Judgment, Saccoccia v. United States, No. 18-1172, slip op. at 1 (1st Cir. Mar. 29, 2018); see also Mot. 1-2. Plaintiff counters that his request for relief does not fall within the purview of a motion to vacate because he challenges the non-custodial portion of his sentence. See Compl. ¶ 4.

The First Circuit has held that a defendant may not challenge the restitution portion of his sentence under § 2255 because he "is not claiming the right to be released from custody as required by § 2255." Bartelho v. United States, No. 15-1988, 2016 WL

3

9584199, at *1 (1st Cir. Dec. 8, 2016) (citing Smullen v. United States, 94 F.3d 20, 25–26 (1st Cir. 1996)).[1] For this same reason, the Court concludes the First Circuit would hold that a defendant may not file a motion under § 2255 to mount a collateral attack against a forfeiture order. See, e.g., United States v. Fabian, 798 F. Supp. 2d 647, 684–85 (D. Md. 2011) ("Following the lead of the courts cited above, the court concludes that a noncustodial component of a sentence, such as a restitution or forfeiture order, cannot be attacked in a § 2255 petition."). Accordingly, the Court will not recast this Complaint as a motion under § 2255 and declines to dismiss the suit for failure to seek leave from the First Circuit to file a second or successive motion under § 2255.

---

[1] 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by Act of Congress <u>claiming the right to be released</u> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Emphasis added.)

B.   Writ of Error Coram Nobis

Even without recharacterizing the Complaint as a motion under § 2255, Plaintiff's claim for coram nobis relief, Compl. ¶¶ 22-33, fails on its own merits.

A court may grant relief under the writ of error coram nobis only where a plaintiff "explain[s] his failure to seek earlier relief from the judgment, show[s] that he continues to suffer significant collateral consequences from the judgment, and demonstrate[s] that the judgment resulted from an error of the most fundamental character."  United States v. George, 676 F.3d 249, 254 (1st Cir. 2012) (citing United States v. Barrett, 178 F.3d 34, 56 n.20 (1st Cir. 1999)).  Moreover, "it is not enough for a coram nobis petitioner to show that he can satisfy the elements of the tripartite test:  he must also show that justice demands the extraordinary balm of coram nobis relief."  Id. (citing Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993)).

Here, Plaintiff has not shown that his criminal forfeiture judgment resulted from an "error of the most fundamental character."  Id. at 254.  Even if the Court's ruling in Honeycutt were to apply retroactively, a proposition this Court takes no position on, courts have held that alleged errors in restitution orders, criminal fines, and forfeiture orders are not "fundamental to the underlying convictions." United States v. Iacaboni, 592 F. Supp. 2d 216, 221 (D. Mass. 2009) (citing United States v. Sloan,

505 F.3d 685, 697 (7th Cir. 2007); United States v. Keane, 852 F.2d 199, 204 (7th Cir. 1988); Lowery v. United States, 956 F.2d 227, 229 (11th Cir. 1992)). Therefore, because Plaintiff has failed to demonstrate that the Court's ruling in Honeycutt impacts the "fundamental character" of his 1991 conviction, he has not succeeded in stating a plausible claim for coram nobis relief.

    C.   Writ of audita querela

Plaintiff's claim for relief under the writ of audita querela fails for similar reasons. See Compl. ¶¶ 34-40. The First Circuit has not spoken definitively on the availability of the writ of audita querela for criminal convictions. United States v. Holder, 936 F.2d 1, 2 (1st Cir. 1991). It has indicated, however, that if the right case arose, it may be available in criminal cases "where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy." Id. at 5.

Here, Plaintiff has not pled facts sufficient to suggest that this extraordinary writ, if it remains available at all, should extend to the instant case; indeed "the equities do not favor [Plaintiff] in this case." Id.; see also Iacaboni, 592 F. Supp. 2d at 221-22 (noting that "[t]hough the criteria to be satisfied in order to invoke [the writ for audita querela] are not well established, it seems they would be at least as stringent as those

6

identified for a writ of error coram nobis")). Accordingly, Plaintiff's audita querela claim must be dismissed.

　　D.　28 U.S.C. § 1355

Plaintiff alleges that, pursuant to 28 U.S.C. § 1355, the Court has jurisdiction to vacate a forfeiture order, and that § 1355 provides a private cause of action. See Compl. ¶ 18; see also Pl.'s Opp'n 12-13, ECF No. 12 (citing Elliot v. United States, 96 Fed. Cl. 666 (Fed. Cl. 2011)). Even if Plaintiff is correct that § 1355 contemplates a private cause of action, he provides no authority suggesting that such relief would be available to mount a collateral attack on a criminal forfeiture once judgment is final. Indeed, the Court could not find any cases providing a defendant in this procedural posture such relief under 28 U.S.C. § 1355.

　　E. Rule 41 of the Federal Rules of Criminal Procedure

Rule 41 of the Federal Rules of Criminal Procedure also does not provide Plaintiff an avenue for relief. See Fed. R. Crim. P. 41; see also Compl. ¶¶ 41-44. Where criminal proceedings have concluded, a challenge under Rule 41 is treated as a proceeding seeking equitable relief. See Perez-Colon v. Camacho, 206 Fed. App'x 1, 2 (1st Cir. 2006). A plaintiff is not entitled to equitable relief if the property at issue has been forfeited. See United States v. Cardona-Sandoval, 518 F.3d 13, 15 (1st Cir. 2008) ("[A] Rule 41(g) motion is properly denied if the defendant is not

7

entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture . . . .") (quoting United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007)); see also United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004) ("The rule can also be invoked after criminal proceedings have concluded to recover the defendant's property . . . unless, of course, it has been forfeited in the course of those proceedings."). Here, Plaintiff's claim for relief under Rule 41 is barred and must be dismissed because the property he seeks was forfeited as part of his 1991 conviction. See Compl. ¶ 8.

E.  Writ of Mandamus

Finally, Plaintiff requests mandamus relief pursuant to 28 U.S.C. § 1361. See Compl. ¶¶ 50-57. A court will only issue a writ of mandamus where a plaintiff can prove that he is entitled a clear right of relief, the defendant had a clear duty to act, and there exists no other remedy. Chatman v. Hernandez, 805 F.2d 453, 456 (1st Cir. 1986). Taking all allegations in the Complaint as true, Plaintiff has failed to establish even the first element, that Plaintiff has a clear right to relief, and thus, this claim too is dismissed.

III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 10, is hereby GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 27, 2019